| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>:<br>NEW YORK CITY DISTRICT COUNCIL OF :<br>CARPENTERS, :<br>:<br>                             Petitioner, :<br>:<br>            v. :<br>:<br>NEW ENGLAND CONSTRUCTION :<br>COMPANY, INC., *and its successors and* :<br>*assigns*, :<br>:<br>                             Respondent. :<br>:<br>------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: May 11, 2017<br><br>16 Civ. 6608 (KPF)<br><br>OPINION AND ORDER |

KATHERINE POLK FAILLA, District Judge:

       Petitioner New York City District Council of Carpenters has filed a motion requesting two forms of relief. First, Petitioner seeks to confirm two labor arbitration awards issued pursuant to Section 301 of the Taft-Hartley Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Second, Petitioner moves to recover the attorney's fees and costs it has incurred in seeking to confirm those awards. The motion is unopposed: Respondent New England Construction Company, Inc., did not appear in either of the underlying arbitration hearings, and has not appeared before this Court. For the reasons set forth below, Petitioner's motion is granted in full.

# BACKGROUND[1]

## A. Factual Background

This case arises out of a collective bargaining agreement (the "CBA") between Petitioner, a labor union, and The Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated, a trade association of which Respondent is a member. (CBA 1; Contractors List). Article XIII of the CBA sets forth procedures the parties must follow to resolve disputes arising under the CBA. (CBA, art. XIII). The last step of those procedures, per Section 4 of Article XIII, is "final and binding arbitration." (Pet'r 56.1 ¶ 2; CBA, art. XIII, § 4).

Three provisions in Section 4 merit attention here. First, Section 4(a) permits an arbitrator "to conduct an ex-parte hearing in the event of the failure of either party to be present at the time and place designated for the

---

[1] This Opinion draws on facts from the Declaration of Lydia Sigelakis ("Sigelakis Decl." (Dkt. #11)) and the exhibits attached thereto: the parties' collective-bargaining agreement ("CBA" (Dkt. #11-1)); a list of contractors bound by that agreement ("Contractors List" (Dkt. #11-2)); the two demands for arbitration Petitioner submitted in response to its two grievances with Respondent ("2014-791 Arbitration Demand" (Dkt. #11-3) and "2013-1159/2015-870 Arbitration Demand" (Dkt. #11-3)); Arbitrator Roger Maher's two Arbitrator's Default Awards ("2013-1150 Award" (Dkt. #11-4) and "2014-791 Award" (Dkt. #11-5)); a September 28, 2015 letter Petitioner sent to Respondent demanding repayment for those two awards ("9/28/15 Letter" (Dkt. #11-6)); and Attorney Sigelakis's billing records ("Time Sheets" (Dkt. #11-7)) and list of legal costs ("Costs List" (Dkt. #11-8)). The Court also cites to Petitioner's Local Civil Rule 56.1 Statement of Undisputed Material Facts ("Pet'r 56.1" (Dkt #10)). For ease of reference, the Court refers to Petitioner's memorandum of law in support of its motion to confirm and for fees and costs as "Pet'r Br." (Dkt. #9).

One of the arbitration demands attached as an exhibit to Attorney Sigelakis's Declaration bears two "File Numbers": 2013-1159 and 2015-870. (2013-1159/2015-870 Arbitration Demand). But the arbitration award that corresponds to that demand bears a different "Case #": 2013-1150. (2013-1150 Award). For its part, Petitioner refers to the labor grievance underlying both the arbitration demand and the corresponding award as "Grievance 2013-1150." (Pet'r 56.1 ¶ 10). The Court assumes that the discrepancy between these "File" and "Case" numbers is a typographical error; in any case, that error does not affect the Court's resolution of Petitioner's motion.

2

arbitration." (CBA, art. XIII, § 4(a)). Second, Section 4(b) mandates that the arbitrator's "decision … shall be final and binding … and may be entered as a final decree or judgment in the Supreme Court of the State of New York or in a court of appropriate jurisdiction in any state where such decision shall be rendered." (*Id.* § 4(b)). Finally, Section 4(e) provides that "[u]pon the confirmation of the arbitrator's award, … the prevailing party shall be entitled to receive all court costs in each proceeding as well as reasonable attorney[']s fees." (*Id.* § 4(c)).

Petitioner alleges that Respondent violated the CBA on two occasions. (Pet'r 56.1 ¶ 6). First, in September 2013, Respondent impermissibly terminated a shop steward who was performing work on a Marriott Hotel in New York City. (*Id.*; 2013-1159/2015-870 Arbitration Demand). Second, in March 2014, Respondent failed to compensate two carpenters working on the PATH Station at the World Trade Center for "two hours of show-up pay." (Pet'r 56.1 ¶ 6; 2014-791 Arbitration Demand). Because Petitioner and Respondent were unable to resolve either of these disputes, Petitioner demanded that Respondent submit to arbitration. (Pet'r 56.1 ¶ 7).

Arbitrator Roger Maher held hearings on both disputes on August 18, 2015. (Pet'r 56.1 ¶ 8). Respondent attended neither hearing. (2013-1150 Award 1; 2014-791 Award 1). At each hearing, Petitioner introduced evidence to substantiate its claim against Respondent. (2013-1150 Award 1-2; 2014-791 Award 1-2).

Four days later — August 22, 2015 — Arbitrator Maher issued two Default Awards in Petitioner's favor. (2013-1150 Award; 2014-791 Award). In the first award, which bears Case Number 2013-1150, Arbitrator Maher determined that Respondent violated the CBA when it laid off Petitioner's shop steward. (2013-1150 Award 1-2). As a remedy, Arbitrator Maher awarded Petitioner $10,160.40 in wages and fringe benefits, plus interest. (*Id.* at 1). And in the second award, which bears Case Number 2014-791, Arbitrator Maher found that Respondent violated the CBA by failing to pay Petitioner's carpenters. (2014-791 Award 1-2). For this violation, Arbitrator Maher directed Respondent to pay Petitioner $368.84 in wages and fringe benefits, plus interest. (*Id.* at 2). In both awards, Arbitrator Maher directed Petitioner and Respondent to split his fee ($2,000.00),[2] and added that Petitioner's counsel "would also be entitled to a reasonable [a]ttorney's fee" in the event Petitioner sought confirmation of the awards. (2013-1150 Award 2; 2014-791 Award 2-3).

Arbitrator Maher sent both awards to Respondent by certified mail. (2013-1150 Award 3; 2014-791 Award 3). On September 28, 2015, Petitioner mailed to Respondent a letter demanding repayment for the awards.[3]

---

[2] Although both awards refer to a $2,000 fee (2013-1150 Award 2; 2014-791 Award 2), Petitioner's submissions suggest that Arbitrator Maher charged the parties $2,000 as his *total* fee for both arbitration hearings. (Pet'r 56.1 ¶ 12; Pet'r Br. 3).

[3] Petitioner's letter also references a third award involving a labor dispute that is not at issue in the instant case. (9/28/15 Letter 1).

4

(9/28/15 Letter). Respondent did not pay — and to date, has not paid — Petitioner. (Pet'r 56.1 ¶ 18).

B.  **Procedural Background**

Petitioner initiated this action on August 22, 2016, by filing a petition to confirm Arbitrator Maher's two arbitration awards. (Dkt. #1). In response to this Court's August 23, 2016 Order (Dkt. #5), on September 9, 2016, Petitioner filed a motion for summary judgment and supporting papers (Dkt. #9-11). In addition to seeking to confirm the two arbitration awards, Petitioner asks this Court to award it $700.00 in attorney's fees and $499.41 in legal costs. (Pet'r 56.1 ¶¶ 22-26).

### DISCUSSION

A.  **The Court Confirms Both of Arbitrator Maher's Arbitration Awards**

  1.  **Applicable Law**

"The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578 (1960)).[4] In turn, judicial "review of an arbitration award under the

---

4       The LMRA, not the Federal Arbitration Act (the "FAA"), governs this Court's review of Petitioner's motion to confirm. "[I]n cases brought under Section 301 of the [LMRA] ... the FAA does not apply." *Coca-Cola Bottling Co. of N.Y.* v. *Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 53 (2d Cir. 2001). And Section 301 of the LMRA "serves as the foundation for a substantive body of federal law that is 'analytically distinct from the [FAA].'" *1199 SEIU United Healthcare Workers E.* v. *Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) (quoting *Westerbeke Corp.* v. *Daihatsu Motor Co.*, 304 F.3d 200, 221 (2d Cir.

5

LMRA is ... 'very limited.'" *Id.* (quoting *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). "[U]nless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (quoting *Local 97, Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, 2016 WL 3911978 (S.D.N.Y. July 15, 2016). Thus, a court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but" instead may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 536.

Accordingly, a reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Nat'l Football League*, 820 F.3d at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement and is not

---

2002)). Nonetheless, "the FAA is useful as a source of principles to guide the development of law under LMRA § 301 ... particularly [ ] in the context of a petition to confirm or vacate an arbitration award." *Id.* Both statutes call for courts to be "extremely deferential" when reviewing arbitration awards. *Supreme Oil Co.* v. *Abondolo*, 568 F. Supp. 2d 401, 405 (S.D.N.Y. 2008).

6

merely the arbitrator's own brand of industrial justice,' it must be confirmed." *Id.* (internal quotation marks omitted) (quoting *Niagara Mohawk*, 143 F.3d at 714)

All this should make plain that "[c]onfirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund* v. *Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *1 (S.D.N.Y. Aug. 1, 2014) (quoting *N.Y. Med. Ctr. of Queens* v. *1199 SEIU United Healthcare Workers E.*, No. 11 Civ. 4421 (ENV), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012)). "When a petition to confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record ... as akin to a motion for summary judgment.'" *Id.* at *2 (quoting *D.H. Blair & Co.* v. *Gottdiener,* 462 F.3d 95, 109 (2d Cir. 2006)). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *D.H. Blair*, 462 F.3d at 110).

### 2. Analysis

The undisputed facts of this case are clear: The Court must confirm both arbitration awards. The CBA requires Petitioner and Respondent to arbitrate labor disputes that they cannot otherwise resolve. When Petitioner and Respondent had two such disputes, Petitioner demanded that the parties

7

enter into arbitration. And pursuant to the CBA, Arbitrator Maher held two arbitration hearings — one for each of Petitioner's grievances against Respondent. At both hearings, Arbitrator Maher heard Petitioner's evidence and determined that Respondent had violated the CBA. He then issued two awards, both of which granted Petitioner relief: damages and interest, plus costs and fees authorized by the CBA. Put simply, Arbitrator Maher construed and applied the CBA when he issued these two awards. The LMRA, in turn, requires the Court to confirm those awards.

**B.   The Court Grants Petitioner's Application for Attorney's Fees and Costs**

   **1.   Applicable Law**

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). And "Section 301 of the LMRA does not provide for the recovery of attorneys' fees." *Id.* "A court may, however, exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y.C. Dist. Council of Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). "In confirmation proceedings, 'the guiding principle has been stated as follows: [W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" *Trs. of the*

8

*N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009)).

Determining whether an attorney's fee is reasonable requires a court to assess that attorney's hourly rate and the number of hours she billed at that rate. "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'" *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)). And "[h]ours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee." *Id.* (internal quotation marks and citation omitted).

As for costs, judges in this District "routinely permit[ ]" attorneys to recoup "filing fees, service of process fees, charges for delivery of the summons and petition to the process server, and for service of orders and motion papers on" an opposing party. *Plaza Constr. Grp.*, 2016 WL 3951187, at *2.

### 2. Analysis

Petitioner seeks $1,199.41 in attorney's fees and costs: $700.00 for the time that Petitioner's counsel, Lydia Sigelakis, has spent litigating this matter, and $499.41 in associated costs. Because Respondent has refused to honor

9

either of Arbitrator Maher's awards, the Court concludes that Petitioner is entitled to recover its fees and costs from the instant action. *See Mountaintop Cabinet*, 2012 WL 3756279, at *4. And because the fees and costs Petitioner has requested are reasonable, the Court grants its request in full.

To start, Attorney Sigelakis's requested $700.00 fee is reasonable. In her Declaration, Sigelakis explains that Petitioner approved her billing rate — $250.00 per hour — in January 2012, and that she has billed Petitioner for her services at that rate ever since. (Sigelakis Decl. ¶¶ 24-25). Sigelakis spent 2.8 hours working on the instant case, a figure she substantiates with itemized time records. (Time Sheets). In a measure of Sigelakis's expertise in this area, other District Judges in the Second Circuit have awarded her similar fees in confirmation proceedings akin to the instant case. *See, e.g., N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Golden Dev. & Constr. Corp.*, No. 15 Civ. 4462 (KAM), 2016 WL 4523927, at *3 (E.D.N.Y. Aug. 22, 2016) (granting Sigelakis's request for $725.00 in fees in action to confirm unopposed arbitration award, based on billing rate of $250.00 per hour for 2.9 hours of work); *Plaza Constr. Grp.*, 2016 WL 3951187, at *2 (reaching same result where Sigelakis requested $2,300.00 in fees, based on billing rate of $250.00 per hour for 9.2 hours of work). This Court also finds that Sigelakis's billing rate and hours are reasonable, and grants her application for $700.00 in fees.

So too for Sigelakis's request for $499.41 in costs. That figure comprises a $400.00 filing fee and $99.41 in mailing costs. (Sigelakis Decl. ¶ 29; Costs

List). These costs are reasonable and routine, *see Plaza Constr. Grp.*, 2016 WL 3951187, at *2, and the Court grants Petitioner's request to recover them.

## CONCLUSION

For the reasons set forth above, Petitioner's motion to confirm Arbitrator Maher's two awards, and to recover its attorney's fees and costs, is GRANTED. The Clerk of Court shall enter judgment for Petitioner, terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: May 11, 2017
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge